## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL WELSH, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 4:24-cv-01541-SEP |
| | ) | |
| DEPUY ORTHOPAEDICS, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM AND ORDER

Before the Court is Plaintiffs' Motion to Remand.  Doc. [29].  For the reasons set forth below, remand is granted.  All other pending motions are denied as moot.

### FACTS AND BACKGROUND

On October 16, 2024, Plaintiffs Michael Welsh and Francis Welsh filed this action in the Circuit Court of the County of St. Louis, Missouri, against Defendants DePuy Orthopaedics, Inc.; DePuy Products, Inc.; DePuy International, LTD.; Johnson & Johnson; Johnson & Johnson Services, Inc.; and Dale Kruse.  Doc [8].  Plaintiffs bring claims for negligence, strict liability, negligent misrepresentation, fraudulent misrepresentation, fraudulent concealment, breach of express and implied warranties, and loss of consortium, all arising from the use of certain DePuy devices implanted during a hip replacement surgery performed on Plaintiff Michael Welsh.  *Id*. ¶¶ 54, 62, 73, 78, 83-84, 102, 110, 122, 132, 141, 152.  The Court assumes the allegations in the Complaint are true for the purposes of evaluating the motion to remand.  *See Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 811 (8th Cir. 2003) ("[T]he district court should resolve all facts and ambiguities . . . in the plaintiff's favor.").

Plaintiffs allege that the devices failed to perform as intended, and that corrosion and friction wear caused toxic cobalt-chromium metal debris to be released into the tissue surrounding Plaintiff's implants, which resulted in Plaintiff Michael Welsh's injuries, including impaired mobility and chronic pain.  Doc. [8] ¶¶ 55-62.  They also allege that Defendant Kruse, a DePuy medical device sales representative, made the medical devices available to Plaintiff Michael Welsh's surgeon, and gave instructional materials and information to his surgeon concerning the use and implanting of the products.  *Id*. ¶¶ 30-38.  According to Plaintiffs, Kruse was regularly present in the operating room during the implantation of the devices.  *Id*. ¶ 30.

Defendants filed a timely notice of removal, invoking diversity jurisdiction. Doc. [1] at 2. Defendants assert that the amount in controversy exceeds $75,000 and that Plaintiffs are citizens of Missouri; DePuy Orthopaedics, Inc. and DePuy Products, Inc. are citizens of Indiana; DePuy International, LTD, is a citizen of England; Johnson & Johnson Services, Inc., and Johnson & Johnson are citizens of New Jersey; and Dale Kruse is a citizen of Missouri. *Id.* at 2-3. Defendants acknowledge that Kruse's Missouri citizenship would normally prohibit removal, but they argue that his citizenship should be disregarded because he was fraudulently joined and Plaintiffs have no reasonable basis for asserting claims against him. *Id.* at 3-6.

Plaintiffs timely move to remand this case to state court, arguing that this Court lacks subject matter jurisdiction due to a lack of complete diversity. Doc. [29] at 1. Defendants opposed the motion to remand, Doc. [39]; Plaintiffs replied, Doc. [44]; Defendants filed a surreply, Doc. [47], and the motion is ripe for ruling.

## LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." *Myers v. Richland Cnty.*, 429 F.3d 740, 745 (8th Cir. 2005) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). A claim may be removed to federal court only if it could have been brought there originally. *Peters v. Union Pac. R.R. Co.*, 80 F.3d 257, 260 (8th Cir. 1996). For diversity jurisdiction to exist under 28 U.S.C. § 1332(a)(1), there must be complete diversity of citizenship, which means that "no defendant holds citizenship in the same state where any plaintiff holds citizenship." *OnePoint Sols., LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007). Additionally, "[w]hen the action is 'removable solely on the basis of the jurisdiction under [§] 1332(a),' . . . the forum-defendant rule provides that the action 'may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.'" *Holbein v. TAW Enterprises, Inc.*, 983 F.3d 1049, 1053 (8th Cir. 2020) (quoting 28 § 1441(b)(2)).

"The [removing] defendant bears the burden of establishing federal jurisdiction by a preponderance of the evidence." *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010). The federal court must remand the case to state court if it appears the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c); *In re Prempro Prods. Liab. Litig.*, 591 F.3d at

2

620.  "All doubts about federal jurisdiction should be resolved in favor of remand to state court." *In re Prempro Prods. Liab. Litig.*, 591 F.3d at 620.

The doctrine of fraudulent joinder is "an exception to the complete diversity rule." *Id.* (citing 14B WRIGHT & MILLER'S FED. PRAC. & PROC. § 3723, at 788-89 (4th ed. 2009)). "Fraudulent joinder is not easily shown by the defendant or lightly found by the district court." *Vang v. PNC Mortg., Inc.*, 517 F. App'x. 523, 524 (8th Cir. 2013). "[T]o establish fraudulent joinder, the defendant must 'do more than merely prove that the plaintiff's claim should be dismissed pursuant to a Rule 12(b)(6) motion' since 'we do not focus on the artfulness of the plaintiff's pleadings.'" *Block v. Toyota Motor Co.*, 665 F.3d 944, 948 (8th Cir. 2011) (quoting *Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 980 (8th Cir. 2011)). Instead, the removing defendant must "prove that the plaintiff's claim against the diversity-destroying defendant has 'no reasonable basis in fact and law.'" *Knudson*, 634 F.3d at 980 (quoting *Filla*, 336 F.3d at 810); *see also Halsey v. Townsend Corp. of Ind.*, 20 F.4th 1222, 1226 (8th Cir. 2021) ("A frivolous or illegitimate claim against a non-diverse defendant—a fraudulent joinder—does not prevent removal.").

"Under this standard, 'if it is *clear* under governing state law that the complaint does not state a cause of action against the non-diverse defendant, the joinder is fraudulent and federal jurisdiction of the case should be retained.'" *Id.* (quoting *Filla*, 336 F.3d at 810). Conversely, "joinder is not fraudulent where 'there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved.'" *Id.* (quoting *Filla*, 336 F.3d at 811). "In making such a prediction, the district court should resolve all facts and ambiguities in the current controlling substantive law in the plaintiff's favor." *Filla*, 336 F.3d at 811. "[W]here the sufficiency of the complaint against the non-diverse defendant is questionable, 'the better practice is for the federal court not to decide the doubtful question in connection with a motion to remand but simply to remand the case and leave it for the state courts to decide.'" *Id.* (quoting *Iowa Pub. Serv. Co. v. Med. Bow Coal Co.*, 556 F.2d 400, 406 n.6 (8th Cir. 1977)).

When remanding a case to state court, a district court is authorized to award the plaintiff "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The United States Supreme Court has instructed that "the standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an

objectively reasonable basis for seeking removal.  Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). But a district court "retain[s] discretion to consider whether unusual circumstances warrant a departure from the rule in a given case." *Id.*

DISCUSSION

The issue in this case is whether state law might impose liability on Kruse under the facts alleged. *Filla*, 336 F.3d at 810 ("[T]he district court's task is limited to determining whether there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved.").  If any of Plaintiffs' claims against Kruse is colorable, there is no fraudulent joinder, and this Court lacks subject matter jurisdiction.  *Id.*

Defendants argue that Plaintiffs' claims against Kruse have no reasonable basis in fact and law because Plaintiffs have named the wrong individual as a defendant; the DePuy salesman must have been another D. Kruse.  Doc. [39] at 3-4.  They provide an affidavit from Dale Kruse, in which he states that he was not present at or involved with the surgery on Michael Welsh. Doc. [39-1].  Defendants also argue that, in any event, any salesman who sold DePuy devices cannot be liable for any of Plaintiffs' claims pursuant to Missouri Revised Statutes Section 537.762, Missouri's "Innocent Seller" statute.  Doc. [47] at 3.  Under the statute, "[a] defendant whose liability is based solely on his status as a seller in the stream of commerce may be dismissed from a products liability claim" so long as "another defendant, including the manufacturer, is properly before the court and from whom total recovery may be had for plaintiff's claim." MO. REV. STAT. § 537.762.

Plaintiffs counter that Defendants have not sufficiently proven that Kruse was fraudulently joined.  Docs. [18] at 4; [25] at 2-3.  They argue that the allegations in the Complaint are made in good faith and based on evidence that a DePuy sales representative by the name of "D. Kruse" was present in the operating room during the surgery on Michael Welsh. Doc. [44] at 2.  For example, Plaintiff's medical records from the date of the relevant surgery include the below entry:

| Visitor | | | |
|---|---|---|---|
| **Time In** | **Time Out** | **Visitor Name** | **Purpose and Comments** |
| 05/19/2008 07:30 | 05/19/2008 09:08 | DePuy: Kruse, D. | Sale Rep; |

4

Plaintiffs state that their investigation revealed that a DePuy sales representative named Dale Kruse sold DePuy orthopedic devices and lived near the hospital where Michael Welsh had his surgery, which led them to include claims against Defendant Kruse in the Complaint. *Id*. They further note that the relevant legal standard requires the Court to accept the facts pled in the Complaint as true on their face and to "resolve all facts and ambiguities" in Plaintiffs' favor, and that they have properly alleged a colorable claim against Kruse based on the information available to them. *Id*. at 3.

Plaintiffs also argue that Missouri's Innocent Seller statute does not apply in this case, as the statute is inapplicable where liability is alleged due to a seller's negligence, rather than the seller's mere existence in the stream of commerce, and their allegations against Kruse go beyond the mere selling of the products. *Id*. at 3-4.

The Court agrees with Plaintiffs that, because their allegations against Kruse go further than assigning liability for his mere presence in the stream of commerce, the Missouri Innocent Seller statute does not bar their claims against him. *See, e.g.*, *Feuerborn v. Toyota Sales, U.S.A.,* 2024 WL 4416820, at *4 (E.D. Mo. Oct. 4, 2024) (holding that Missouri dealership was not protected by the Innocent Seller statute and thus not fraudulently joined where plaintiff  brought negligence claims against dealership that were not based solely on its status as a seller in the stream of commerce); *Ali v. Trans Lines, Inc.*, 2022 WL 1316357, at *4 (E.D. Mo. May 3, 2022) ("Claims are not barred by the Independent Seller statute where the plaintiff also alleges independent negligence claims."). Here, Plaintiff asserts negligence claims against Kruse, alleging, among other things, that he was actually present during the surgery.

Defendants urge the Court to consider Kruse's affidavit in analyzing whether he could be held liable for any of the allegedly negligent actions concerning Plaintiff Michael Welsh's care. The Court's "task is limited to determining whether there is arguably a reasonable basis for predicting that the state law might impose liability" based on the facts alleged, and it must "resolve all facts and ambiguities . . . in the plaintiff's favor." *Filla*, 336 F.3d at 811. In that context, Kruse's self-serving affidavit makes little difference to the Court's analysis. *See Gardner v. J.C. Penney Corp., Inc.*, 2005 WL 6267692, at *2 (E.D. Mo. May 2, 2005) ("Conclusory affidavits cannot establish fraudulent joinder . . . ." (citing *In re Baycol Prods. Litig.*, 2003 WL 21223842, at *2 (D. Minn. 2003))); *see also Mattress Warehousing, Inc. v. Power Mktg. Direct, Inc.*, 2009 WL 395162, at *6 (N.D. Iowa Feb. 17, 2009) ("Were courts to

5

find fraudulent joinder whenever presented with a defendant's self-serving affidavit, few cases would ever be remanded and federal jurisdiction would greatly expand." (citing *Polito v. Molasky*, 123 F.2d 258, 261 (8th Cir. 1941))). The Court must accept the facts pled in Plaintiffs' Complaint as true and resolve all facts and ambiguities in Plaintiffs' favor. *On the facts alleged*, there is "a reasonable basis for believing Missouri might impose liability against" Kruse for negligence.[1] *Wilkinson v. Shackelford*, 478 F.3d 957, 964 (8th Cir. 2007).

Because Defendants have failed to meet their burden of showing that Plaintiffs' claims against Kruse have "no reasonable basis in fact and law," Defendants' fraudulent joinder challenge fails, and the Court grants Plaintiffs' motion to remand. *Filla*, 336 F.3d at 810.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand, Doc. [29], is **GRANTED.**

**IT IS FURTHER ORDERED** that this matter is **REMANDED** to the Circuit Court of St. Louis County, Missouri.

**IT IS FINALLY ORDERED** all other pending motions are **DENIED as moot** in light of the Court's lack of jurisdiction.

A separate Order of Remand will accompany this Memorandum and Order.

Dated this 30th day of September, 2025.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE

---

[1] Under Missouri law, a negligence claim requires (1) a duty of care owed by the defendant to the plaintiff, (2) a breach of that duty, and (3) an injury proximately caused by the breach. *See Cleek v. Ameristar Casino Kan. City, LLC,* 47 F.4th 629, 635-36 (8th Cir. 2022) (applying Missouri law).